Dear Dr. Ahr:
This is in response to your request for an opinion as follows:
 1. May the Department of Mental Health discharge persons from its placement program?
 2. If the Department of Mental Health can discharge clients from its placement program, what criteria may the Department use to discharge the clients?
 3. May a Department facility refuse to admit a placement client who does not meet facility admission criteria while continuing to meet criteria for receiving placement support and services?
 4. May the Department continue to serve, through the placement program, persons who could not meet the current criteria for the placement program?
For fundamental purposes, it is necessary to examine pertinent statutory enactments relating to your question. Section630.605, RSMo Supp. 1981, directs the department to establish a placement program "for persons affected by a mental disorder, mental illness, mental retardation, developmental disability or alcohol or drug abuse." This section allows the department to "utilize residential facilities, day programs and specialized services which are designed to maintain a person who is accepted in the placement program in the least restrictive environment in accordance with the person's individualized treatment, habilitation or rehabilitation plan." The department is further directed to "license, certify and fund, subject to appropriations, a continuum of facilities, programs and services short of admission to a department facility to accomplish this [statutory] purpose." [Emphasis added.]
Section 630.610.1, RSMo Supp. 1981, provides that a person residing in a state mental health facility may be referred for placement by the head of that facility. If the patient is accepted and placed "then the patient or resident shall be considered as discharged as a patient or resident of the facility and reclassified as a client of the department." Section 630.610.2, RSMo Supp. 1981, provides that any person, or his authorized representative if he is a minor or has been declared incompetent by a court, "may apply for placement of the person under this chapter." Section630.610.3, RSMo Supp. 1981, states that if the department "finds the application [for placement] . . . appropriate after review, itshall provide for or arrange for a comprehensive evaluation and the preparation of an individualized treatment, habilitation or rehabilitation plan of the person seeking to be placed, . . ." to determine if specified criteria are met.
Sections 630.615 through 630.660, RSMo Supp. 1981, detail the criteria for admitting an individual to a placement program, the procedure by which such a placement is to be effectuated, and matters pertaining or relating thereto.
The genesis of your opinion request appears to be the fact that while Sections 630.605 through 630.660, RSMo Supp. 1981, provide detailed procedures for transferring a patient from a state mental health facility to a placement program, these sections do not establish necessary steps for discharging a person from the placement program.
We note that there are statutory provisions relating to the discharge of patients from state mental health facilities and from state mental retardation facilities. Section 632.150, RSMo Supp. 1981, provides that a voluntary patient at a state mental health facility may request his own release and "shall be released immediately; . . . [unless] the head of the facility determines that he is mentally disordered and, as a result, presents a likelihood of serious physical harm to himself or others, . . ." See also,
Section 632.155, RSMo Supp. 1981, (release of voluntary minor patients).
Section 632.175.1, RSMo Supp. 1981, states that the head of each mental health facility shall review each patient at least every 180 days:
 for the purpose of determining whether the patient needs further hospitalization or should be released. If, as a result of such review, it is determined that inpatient care, treatment and rehabilitation are no longer appropriate, the head of the facility shall discharge, or initiate proceedings to discharge, the patient. If a patient meets the criteria for placement, the head of the facility shall refer him for placement.
Section 633.125.1, RSMo Supp. 1981, provides that a resident admitted to a mental retardation facility:
 shall be discharged immediately when the person who applied for his admission requests the release orally, in writing or otherwise from the head of the mental retardation facility; except, that if the head of the mental retardation facility regards the resident as presenting a likelihood of serious physical harm to himself or others, the head of the facility may initiate involuntary detention procedures pursuant to chapter 632, RSMo, if appropriate, or any individual, including the head of the facility or the mental health coordinator may initiate guardianship proceedings and, if appropriate, obtain an emergency commitment order pursuant to chapter 475, RSMo.
Section 633.125.2, RSMo Supp. 1981, requires that a resident of a mental retardation facility be discharged:
 if it is determined in a comprehensive evaluation or periodic review that the person is not mentally retarded or developmentally disabled, and if the resident, parent, if a minor, or guardian consents to the discharge. If consent is not obtained, the head of the facility shall initiate appeal proceedings under section 633.135, before a resident can be discharged.
Section 633.130.1, RSMo Supp. 1981, requires that the head of each mental retardation facility review the condition and status of each resident thereof every 180 days "for the purpose of determining whether the resident needs further residential habilitation, placement in the least restrictive environment or discharge." Section 633.130.2 mandates that the head of the mental retardation facility initiate any necessary proceedings to discharge "any resident whose continued residential habilitation is no longer appropriate."
Section 633.135, RSMo Supp. 1981, sets forth, in detail, the criteria and procedure required for the discharge of a resident from a mental retardation facility when such discharge is not consented to by the resident or his authorized legal representative.
In O'Connor v. Donaldson, 422 U.S. 563, 45 L.Ed.2d 396,95 S.Ct. 2486 (1975), the United States Supreme Court concluded that a state may not confine in a mental health facility even the mentally ill if they are not dangerous and if they can live safely in freedom. See also, Parham v. J.R., 442 U.S. 584,61 L.Ed.2d 101, 99 S.Ct. 2493 (1979).
In response to your first two questions, we conclude that the department may discharge persons from its placement program; the criteria to be used in determining when discharge from such programs is appropriate is found in the applicable statutes in Chapter 632 and 633, RSMo Supp. 1981. We find that Chapters 630 through 633 comprehensively and completely deal with the mental health system of this state. Consequently, these chapters are to be read together. Although there is no specific provision for discharge found in the placement program sections of Chapter 630, we believe the discharge provisions found in Chapters 632 and 633 establish the necessary procedures and criteria to be used in discharging a person from a placement program. We believe that the absence of discharge procedure provisions in Chapter 630 relating to placement programs was not an omission on the part of the legislature, but rather an indication that the applicable discharge provisions of Chapters 632 and 633 were to apply.
In response to question three, we find that a department facility may refuse to admit a placement client who does not meet facility admission criteria while continuing to meet criteria for receiving placement support and services. Axiomatically, placement programs, which are generally residential facilities, provide a less restrictive environment for those in need of state mental health services than a department facility. The statutes make it clear that the criteria for placement are different than the criteria for admission to a department facility. Cf. Sections630.610, 632.105 and 633.120.
Section 630.605, RSMo Supp. 1981, provides:
 The department shall establish a placement program for persons affected by a mental disorder, mental illness, mental retardation, developmental disability or alcohol or drug abuse. The department may utilize residential facilities, day programs and specialized services which are designed to maintain a person who is accepted in the placement program in the least restrictive environment in accordance with the person's individualized treatment, habilitation or rehabilitation plan. The department shall license, certify and fund, subject to appropriations, a continuum of facilities, programs and services short of admission to a department facility to accomplish this purpose. [Emphasis added.]
Since Missouri law requires an individual to be treated in the least restrictive environment, and the criteria for admission to a placement program are different from the criteria for admission to a department facility, if an individual meets the criteria for admission to a placement program, and not a department facility, the department may refuse to admit such an individual to a facility while caring for him in a placement program.
In response to your final question, we believe that the department may not continue to serve, on a residential basis, persons who do not meet the current criteria for placement programs. We emphasize, in responding to this question, that we assume that prior to any discharge the appropriate professionals must determined that such discharge is consistent with the applicable discharge statutes.
CONCLUSION
It is our opinion that the Department of Mental Health may discharge persons from its placement program pursuant to discharge procedures and criteria established in Chapters 632 and 633, RSMo Supp. 1981.
It is further our opinion that an individual who meets the criteria for placement in a placement program but not the criteria for admission to facility hospitalization may not be transferred from the former to the latter.
Finally, it is our opinion that the Department of Mental Health may not continue to serve persons in a placement program who do not qualify for such treatment in accordance with Section630.610, RSMo Supp. 1981.
Very truly yours,
 JOHN ASHCROFT Attorney General